IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02426-BNB

JOSEPH R. FULLER,

    Plaintiff,

v.

LT. JOHN JOHNSON
SHERIFF BRETT POWELL, and
SGT. SHAWN SHERMAN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Joseph R. Fuller, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Fuller filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915. On October 15, 2012, Mr. Fuller filed an amended complaint (ECF No. 7) that failed to name any defendants and was not on the Court-approved Prisoner Complaint form, allegedly because of extraordinary circumstances beyond Plaintiff's control.

    The Court must construe Mr. Fuller's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution

and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons stated below, Mr. Fuller will be ordered to file a second amended complaint.

Neither the complaint Mr. Fuller originally filed on September 12, 2012, nor the amended complaint he filed on October 15, 2012, complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Each complaint is vague, confusing, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.

The second amended Prisoner Complaint Mr. Fuller will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8.  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Neither the Court nor the defendants are required to speculate about the specific factual allegations that are being asserted in support of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Fuller is advised that in order to comply with Rule 8 he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Fuller's amended complaint must provide a clear and concise statement of the claims he is asserting. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included and explained in the amended complaint.

To the extent Mr. Fuller seeks to hold any individuals liable under § 1983, he must name such individuals in the caption of the second amended complaint and allege facts in the text of the second amended complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at

1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Under § 1983, Mr. Fuller must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150.

Mr. Fuller may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Fuller uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Mr. Fuller also must provide the full address for each named defendant so that each defendant can be properly served.

Finally, the second amended complaint Mr. Fuller will be directed to file shall be on the Court-approved Prisoner Complaint form as required by Rule 8.2 of the Local Rules of Practice for this Court, double-spaced, and typed or written legibly in at least a 12-point font. *See* D.C.COLO.LCivR 10.1D., E., and G. In addition, Fed. R. Civ. P. 10(a) and D.C.COLO.LCivR 10.1J. require that all parties be listed in the caption to the

complaint, with one party per line. The second amended complaint Mr. Fuller will be directed to file must list all parties in the caption in the format required by D.C.COLO.LCivR 10.1J.

Accordingly, it is

ORDERED that Plaintiff, Joseph R. Fuller, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that, because Mr. Fuller alleges he was unable to obtain the Court-approved Prisoner Complaint form because of a lock-down at the Bent County Correctional Facility, the clerk of the Court is directed to mail to Mr. Fuller, together with a copy of this order, the Court-approved Prisoner Complaint form, along with the applicable instructions, and Mr. Fuller is directed to use the form in filing the second amended complaint. It is

FURTHER ORDERED that, if Mr. Fuller fails to file a second amended complaint that complies with this order within the time allowed, the Court will dismiss the amended complaint and this action without further notice.

DATED November 5, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge