IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02426-BNB

JOSEPH R. FULLER,

    Plaintiff,

v.

LT. JOHN JOHNSON
SHERIFF BRETT POWELL,
SGT. SHAWN SHERMAN,
DEPUTY SHELBY SMITH, and
SGT. TAMMY MATTHEWSON,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
THIRD AND FINAL AMENDED COMPLAINT

    Plaintiff, Joseph R. Fuller, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. On September 12, 2012, Mr. Fuller filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915. On October 15, 2012, Mr. Fuller filed an amended complaint (ECF No. 7) that failed to name any defendants and was not on the Court-approved Prisoner Complaint form, allegedly because of extraordinary circumstances beyond Plaintiff's control.

    Neither the complaint Mr. Fuller originally filed on September 12, nor the amended complaint he filed on October 15, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Each complaint was vague, confusing,

and failed to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations. Therefore, on November 5, 2012, the Court ordered Mr. Fuller to file a second amended complaint within thirty days. On November 16, 2012, Mr. Fuller filed the second amended complaint (ECF No. 10).

The Court must construe liberally Mr. Fuller's second amended complaint because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Fuller will be ordered to file a third and final amended complaint.

In the second amended complaint, Mr. Fuller asserts three claims, each of which is labeled "cause of action" and none of which alleges a constitutional violation. Mr. Fuller does make a brief reference to having "due process rights" in the text of the second claim he lists under the claim one heading. See ECF No. 10 at 5. In addition, it is unclear why Mr. Fuller is suing Sheriff Brett Powell, because there are no allegations against him in the complaint and he appears to be sued in his supervisory capacity only.

The November 5 order directed Mr. Fuller to file a second amended complaint that complied with the pleading requirements of Rule 8. Because the November 5 order points out in detail how Mr. Fuller can submit a complaint that complies with Fed. R. Civ.

P. 8, the Court will not reiterate the contents of that order other than to underscore that Mr. Fuller must assert how each individual defendant personally participated in a deprivation of his constitutional rights. In order to do so, he also must identify what, if any, constitutional rights were violated.

Mr. Fuller will be afforded one final opportunity to submit an amended complaint that complies with all the directives of this order and the order of November 5.

Accordingly, it is

ORDERED that Plaintiff, Joseph R. Fuller, file **within thirty (30) days from the date of this order** a third and final amended complaint that complies with all the directives of this order and the order of November 5, 2012. It is

FURTHER ORDERED that, the clerk of the Court is directed to mail to Mr. Fuller, together with a copy of this order, the Court-approved Prisoner Complaint form, along with the applicable instructions, and Mr. Fuller is directed to use the form in filing the third and final amended complaint. It is

FURTHER ORDERED that, if Mr. Fuller fails to file a third and final amended complaint that complies with this order and the November 5 order within the time allowed, the Court will dismiss the second amended complaint and this action without further notice.

DATED December 12, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge